## Lake Street Elevated R. R. Co. v. Mary Agnes Johnson.

1. DAMAGES—*$2,500 Excessive Under the Circumstances of this Case.*—The evidence in this case fails to show any basis for the jury's assessment of damages except shock, a sprained wrist, black and blue discolorations on the left limb, back and sides, and pain resulting from these, and for such injuries $2,500 is excessive compensation.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed July 15, 1897.

KNIGHT & BROWN, attorneys for appellant.

CASE & HOGAN, attorneys for appellee.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellee sued appellant for injuries which she alleged she received by the sudden starting of a train of cars of appellant from which she was alighting, whereby she was thrown down. By answers to special questions submitted to the jury, the jury found that her version of what caused her fall is true, and we should be disposed to allow the verdict to stand but for the considerations hereinafter stated.

Counsel for appellant contend that the trial court erred in the giving of divers instructions for appellee, and also in refusing eight of appellant's instructions.

It would extend this opinion unduly to discuss the propriety of the court's action in the giving and refusing of these instructions, and we deem it sufficient to say that after a full consideration of all the instructions in the case in connection with the evidence, we are of opinion that there is no reversible error in the case in that regard.

The statement of counsel for appellee in his argument to the jury, that certain testimony given on behalf of appellant "is rotten perjury" was strong language, and the trial court would, no doubt, have reprimanded counsel had its attention been called to counsel's language by an objection. This was not done, so far as the abstract of record shows, counsel for appellant being content with a statement that he took "exception to that remark."

An examination of the evidence as to the injuries claimed to have been sustained by appellee and the cause or source of such injuries shows, by a clear preponderance, that the fractured *coccyx*, growth of tumor in *pelvis* and *goitre* complained of by appellee, could not, in all reasonable probability, have resulted from her fall when alighting from appellant's train. At least it is plain that there is not a preponderance of the evidence showing these ills of appellee arose or grew out of the injury alleged in her declaration.

The evidence fails to show any other basis for the jury's verdict of $2,500 except shock, a sprained wrist, black and blue discolorations on the left limb, back and sides, and pain resulting from these. Appellee had a physician for two or three weeks, and her injuries were not considered serious by her physician. She was injured August 11, 1894, and to a physician who examined her two days later, he testifies, she made no complaint of any injuries, except to her wrist, left knee, and pain in left side and in the left side of her head, and also that she said she had no others.

There is no evidence that the shock to appellee was serious, and it is apparent that her injuries, aside from the *coccyx*, tumor and *goitre*, were not such as to justify a judgment for $2,500.

The judgment is therefore reversed as being excessive, and the cause remanded for another trial, in which it may be made to appear with more certainty that the ills of appellee are the result of her fall, or that a more reasonable assessment of damages may be had for the injuries which may appear to have resulted from her fall. Reversed and remanded.